J-S25018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPFON L. PULLIAM | |
| Appellant | No. 963 WDA 2015 |

Appeal from the PCRA Order May 27, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002790-2013

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                          **FILED JUNE 1, 2016**

Appellant, Stepfon L. Pulliam, appeals *pro se* from the May 27, 2015 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We recount the procedural history of this case, as contained in the certified record, as follows.  By criminal complaint filed July 27, 2013, the Erie Bureau of Police charged Appellant with one count each of burglary, indecent assault, rape, aggravated assault, simple assault, and sexual assault, in connection with an incident that occurred on that same day

involving an encounter with his former girlfriend at her residence.[1] On January 8, 2014, Appellant entered a guilty plea to one count each of simple assault and sexual assault. On February 6, 2014, Appellant filed a petition to withdraw his guilty plea, which the trial court granted on February 24, 2014. On May 1, 2014, Appellant re-entered a guilty plea to the simple assault and sexual assault counts.[2] On August 15, 2014, the trial court sentenced Appellant to an aggregate term of 72 to 144 months' incarceration.[3] The trial court also determined Appellant to be a sexually violent predator (SVP) and imposed lifetime reporting requirements under the Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41. No post-sentence motion or direct appeal was filed.

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 3126(a)(2), 3121(a)(1), 2702(a)(1), 2701(a)(1), and 3124.1, respectively.

[2] At the same time, Appellant entered a guilty plea to two counts, *i.e.*, loitering and prowling, 18 Pa.C.S.A. § 5506, and summary criminal mischief, 18 Pa.C.S.A. § 3304, at docket CP-25-CR-0002728, involving a separate earlier incident at his former girlfriend's residence. Appellant's subject PCRA petition does not pertain to these convictions.

[3] Specifically, the trial court imposed a term of 60 to 120 months' incarceration on the sexual assault count, and a consecutive 12 to 24 months' incarceration on the simple assault count. The trial court also imposed a concurrent 4 to 12 months' incarceration on the loitering and prowling count at docket CP-25-CR-0002728.

On March 20, 2015, Appellant filed a timely PCRA petition.[4]  On March 24, 2015, the PCRA court appointed counsel to represent Appellant.  On April 29, 2015, counsel filed a petition to withdraw as attorney for Appellant together with a no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  On May 8, 2015, the PCRA court issued a notice, pursuant to Pennsylvania Rule of Appellate Procedure 907(d), of its intent to dismiss Appellant's PCRA petition without a hearing.  On May 11, 2015, the PCRA court granted counsel's petition to withdraw.  The PCRA court issued an order dismissing Appellant's PCRA petition on May 28, 2015.  Appellant filed a motion for reconsideration of the PCRA court's dismissal without a hearing on June 16, 2015, averring the record did not reflect that the PCRA court issued a Rule 907 notice of intent.  At the same time, Appellant filed a timely notice of appeal.[5]

_____

[4] On February 12, 2015, Appellant filed a "Motion for Withdrawal of Counsel *Inter Alia* Ineffective Assistance of Counsel," which the trial court denied as moot on February 17, 2015.  Additionally, on February 26, 2015, Appellant filed a "Motion to Modify and Reduce Sentence," which the trial court denied as untimely on March 3, 2015.  We note, in neither instance did the trial court treat Appellant's filings as a PCRA petition, or appoint counsel to represent Appellant.  **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (noting"[t]here is no requirement that a PCRA petition be on any particular form," and recognizing that post-sentence filings requesting relief cognizable under the PCRA should be treated as PCRA petitions).

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate

*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issue for our consideration.

> 1. Whether trial counsel's performance deficiency and [sic] rendered ineffective assistance of counsel when failing to conduct an adequate factual pre-trial investigation into the alleged victim's known willingness to cooperate with the Commonwealth's case against Appellant, which would be evidence and grounds for the squashing [sic] of the information and prosecution of the case against Appellant, which if proven true would render the plea invalid as not being voluntarily or intelligently entered, and rendered Appellant's ineffective assistance of counsel claim meritorious, and rendered in a layered claim PCRA counsel's ineffectiveness for failure to raise trial counsel's ineffectiveness.

Appellant's Brief at 4.[6]

_(Footnote Continued)_ ────────

Procedure 1925(b). The PCRA court issued a memorandum opinion in accordance with Rule 1925(a), wherein it referenced its May 8, 2015, opinion and notice of intent as containing the reasons for its decision.

[6] Although not contained in his questions presented on appeal, Appellant's brief and supplemental brief contain cursory arguments alleging ineffectiveness of trial counsel relative to the trial court's SVP determination and relative to trial counsel's failure to file a post-sentence motion challenging discretionary aspects of Appellant's sentence. We note that neither issue was contained in Appellant's _pro se_ PCRA petition or raised by PCRA counsel before the PCRA court. Accordingly, these issues are waived and cannot be raised for the first time on appeal. **See** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **see also Commonwealth v. Roney**, 79 A.3d 595, 611 (Pa. 2013) (finding a PCRA claim of ineffectiveness of trial counsel is waived where it had not been raised in the appellant's PCRA petition or before the PCRA court), _cert. denied_, 135 S. Ct. 56 (2014).

Appellant also claims PCRA counsel was ineffective. Appellant's Brief at 12-13. However, Appellant did not raise an ineffectiveness of PCRA counsel claim before the PCRA court in a response to its Rule 907 notice of intent to dismiss or in a response to PCRA counsel's motion to withdraw and **Turner**/**Finley** no-merit letter. Thus, similarly, Appellant may not raise this
_(Footnote Continued Next Page)_

Appellant's issue implicates the following standards that guide our review.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (internal quotation marks and citations omitted). In this case, Appellant alleges that guilty plea counsel was ineffective for failing to investigate a Commonwealth witness, the victim in this matter. Appellant's Brief at 11.

> In order to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we have applied the *Strickland* test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no

*(Footnote Continued)* ───────────

issue for the first time on appeal. *See Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (holding, after exhaustively reviewing our Supreme Court's jurisprudence, that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." *appeal denied*, 101 A.3d 785 (Pa. 2014).

reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the ***Strickland*** test, the court may dismiss the claim on that basis. ***Commonwealth v. Ali***, 608 Pa. 71, 10 A.3d 282, 291 (2010).

***Commonwealth v. Vandivner***, 130 A.3d 676, 680 (Pa. 2015).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Kelley***, ---A.3d---, 2016 WL 1072107, at *3 (Pa. Super. 2016) (internal quotation marks and citations omitted). "To prove prejudice, appellant must prove he would not have pled guilty and would have achieved a better outcome at trial." ***Commonwealth v. Fears***, 86 A.3d 795, 806-807 (Pa. 2014) (internal quotation marks and citation omitted).

The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness

would have provided would have led to a different outcome at trial.

In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Pander*, 100 A.3d 626, 638-639 (Pa. Super. 2014) (internal quotation marks and citations omitted), *appeal denied*, 109 A.3d 679 (Pa. 2015).

Appellant's contention in this case is that his guilty plea was not entered knowingly, intelligently, and voluntarily because counsel failed to interview or to otherwise investigate the victim in this matter to ascertain whether she was willing to cooperate with the prosecution. Appellant's Brief at 12.

In this case, Appellant entered a plea of guilty on the advice of Trial Counsel, absent the duty and responsibility of Trial Counsel to investigate whether the Commonwealth had the sufficiency of evidence to prosecute Appellant on the possibility that the alleged victim was not intending to cooperate as a witness/alleged victim to aid the prosecution of the criminal charges.

*Id.* Significantly, Appellant does not contend that the victim had any exculpatory information. Rather, Appellant contends that if the victim was not willing to cooperate, he would not have pled guilty, and would instead

have proceeded to trial on the hope she would not testify and the Commonwealth would not have been able to sustain its burden. *Id.* at 13-14.

Appellant claims it was trial counsel's duty to determine whether the Commonwealth's primary witness was unwilling to testify because the absence of her testimony would have been beneficial to Appellant. *Cf. Pander*, *supra*. Our Supreme Court noted it has "never held that trial counsel is obligated to interview every Commonwealth witness prior to trial." *Commonwealth v. Washington*, 927 A.2d 586, 598 (Pa. 2007). This is especially true where such "an independent interview … was unnecessary and, in fact, would have proved fruitless. *See*, *e.g.*, *Commonwealth v. Smith*, 416 A.2d 986, 987–988 (Pa. 1980) (holding that independent interview is unnecessary if counsel could conclude prior to interview that witness' testimony would be of no value or damage defense's case)." *Id.*

In any event, Appellant's bald factual assertion that the victim in this case was unwilling to testify, is completely unsupported. Appellant references no source for his information and his PCRA petition contained no affidavits or other evidence supporting his factual claims. Furthermore, Appellant claims he knew of the victim's purported reluctance to testify which he avers was the reason he withdrew his initial guilty plea. Appellant's Brief at 6. Accordingly, Appellant has not demonstrated how his

subsequent plea, when he was possessed of that purported knowledge, was not knowingly, intelligently, and voluntarily entered.

Additionally, our review of the record, including the written and oral guilty plea colloquies, and Appellant's responses, leads us to conclude Appellant's plea was knowingly and voluntarily entered. Specifically, during his guilty plea, Appellant acknowledged as follows.

> THE COURT: Do you feel like anyone is pressuring you or forcing you to admit your guilt here today?
>
> [APPELLANT]: No.
>
> THE COURT: Do you feel like you are giving up any valid defenses?
>
> [APPELLANT]: No.
>
> …
>
> THE COURT: Have you had enough time to think about what to do in your case?
>
> [APPELLANT]: Yes.
>
> THE COURT: Are you satisfied with the legal representation you've received?
>
> [APPELLANT]: Yes.

N.T., 1/28/14, at 12-13.

Accordingly, we conclude Appellant's underlying claim lacks arguable merit, and that he failed to establish he suffered any prejudice from plea counsel's performance. **See Vandivner**, **supra**; **Fears**, **supra**. We

therefore affirm the PCRA court's May 27, 2015 order dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/1/2016