J-S18014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ISAIAH BARKER | |
| Appellant | No. 1707 EDA 2016 |

Appeal from the PCRA Order May 3, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003844-2012

BEFORE:  PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 26, 2017**

Appellant, Isaiah Barker, appeals from the order entered[1] in the Lehigh County Court of Common Pleas, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Barker purports to appeal from the order entered May 2, 2016. **See** Notice of Appeal, filed 5/25/16. The order, however, was not entered on May 2. "In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (citations omitted). **See also** Pa.R.Crim.P. 114 (requiring the clerk of the court to immediately docket an order and to note on the docket that a copy of the order has been furnished to the parties); Pa.R.A.P. 108(a) (specifying that the date of entry of an order shall be the day the clerk of the court mails or delivers a copy of the order to the parties); Pa.R.A.P. 301(a)(1), (c). A review of the docket entries reveals that date, in this case, is May 3, 2016. We have corrected the appeals statement of the caption accordingly.

In July 2012, Barker, along with three co-defendants, committed two robberies of commercial establishments within Lehigh County.[2] As a result, Barker was arrested and charged with two counts each of robbery, theft, receiving stolen property, conspiracy, and simple assault, as well as one count of aggravated assault.[3]

On December 6, 2012, Barker entered a guilty plea to two counts of robbery, in exchange for which the Commonwealth agreed to "bind the [trial court] to a minimum sentence that would not exceed the standard range of the sentencing guidelines" and "not pursue the mandatories or other counts in the information." PCRA Court Opinion, 5/2/16, at 1.[4] Thereafter, on February 15, 2013, the trial court sentenced Barker to two consecutive terms of four and one-half to ten years' imprisonment, for an aggregate sentence of nine to twenty years' imprisonment.

Barker filed a timely appeal. After this Court affirmed his judgment of sentence, *see Commonwealth v. Barker*, No. 949 EDA 2013 (Pa. Super., filed May, 9 2014) (unpublished memorandum) (finding no error in the discretionary aspects of the trial court's sentence), Barker filed a timely *pro*

_____

[2] Contemporaneously, the same individuals committed three robberies of commercial establishments in neighboring Northampton County.

[3] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3921(a), 3925(a), 903, 2701(a)(1) and 2701(a)(4), respectively.

[4] We note that the PCRA Court Opinion was dated April 29, 2016, but was not filed until May 2, 2016.

*se* PCRA petition, challenging guilty plea counsel's effectiveness at his sentencing. Barker then retained private counsel who filed an amended petition, whose claims mirrored the *pro se* petition. The PCRA court held evidentiary hearings on Barker's petition on May 26, 2015, and March 23, 2016. At the hearings, Barker presented the testimony of his guilty plea counsel, Matthew Potts, Esquire, his mother, and Frank M. Dattilio, Ph.D. ("Dr. Dattilio"). Following the evidentiary hearing, the PCRA court denied Barker's petition and this timely appeal followed.

On appeal, Barker raises the following issues for review:

I.    Whether the PCRA Court erred in finding that trial counsel was not ineffective for failing to request or obtain drug or alcohol or mental health evaluations, and for failing to explore other mitigating factors at sentencing[.]

II.   Whether the PCRA court erred in failing to find that, under Alleyne, [Appellant] is not subject to any mandatory minimum, and therefore the basis for entering the plea agreement is invalid[.]

Appellant's Brief, at 2.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted)."

Barker first contends that the PCRA court erred in concluding that trial counsel was effective at his sentencing. ***See*** Appellant's Brief, at 2, 12-22.

- 3 -

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). One such error is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

We presume that counsel is effective and a PCRA petitioner has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004). To be entitled to relief on an ineffectiveness claim, it is well settled that a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's failure, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *See Commonwealth v. Chimel*, 30 A.3d 1111, 1127 (Pa. 2011). Failure to satisfy any *one* prong of this test causes the *entire* claim to fail. *See Commonwealth v. Hull*, 982 A.2d 1020, 1023 (Pa. Super. 2009).

Barker focuses his ineffective assistance claim on his allegation that Attorney Potts unreasonably failed to request or obtain drug or alcohol or mental health evaluations prior to his sentencing. *See* Appellant's Brief, at 2, 12-22. Barker contends that Attorney Potts did not have a reasonable basis

for failing to obtain these evaluations because he knew of Barker's history with ADHD and substance abuse. *See id*., at 14. Further, Barker contends that Attorney Potts's failure to obtain these evaluations resulted in prejudice. *See id*.

"To sustain a claim of ineffectiveness, counsel's approach must be so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-863 (Pa. Super. 2000) (citation and internal quotation marks omitted). In finding that Attorney Potts had a reasonable basis for declining to obtain mental health and/or drug and alcohol evaluations, the trial court found as follows:

> At the time of sentencing on February 15, 2013, Attorney Potts presented witnesses on [Barker's] behalf. Specifically, [Barker's] mother and stepfather testified, as well as the mother of his child. [Barker] spoke on his own behalf. However, Attorney Potts did not have [Barker] evaluated prior to sentencing with regard to his mental health status or his use of controlled substances, and consequently did not present any professional testimony concerning same. Attorney Potts was aware that [Barker] suffered from ADHD and his abuse of controlled substances, but he also found [Barker] to be quite an impressive young man. Attorney Potts believed that obtaining a mental health and/or drug and alcohol evaluation was a "double edged sword." He believed that it would detract from his client's case. Rather, Attorney Potts'[s] strategic plan at the time of sentencing was to focus on the positive aspects of [Barker] and present him as a remorseful individual who did not make excuses for his actions.[] Attorney Potts wanted to impress upon the [trial c]ourt that [Barker] took full responsibility, and he subsequently has taken affirmative acts to change his life while incarcerated. This strategy was discussed with [Barker] prior to the sentencing hearing. [The PCRA c]ourt notes that in regard to ineffectiveness of counsel's acts or omissions, defense counsel is afforded broad discretion to determine tactics and strategies. Indeed, counsel's strategic decisions, such as those challenged here, can only be

deemed ineffective if [Barker] proved that in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it. Such is not the situation with the case at bar. [The PCRA c]ourt finds that Attorney Potts'[s] strategy at the time of sentencing was absolutely reasonable in light of the circumstances.

PCRA Court Opinion, 5/2/16, at 4-5 (internal citation omitted).

We agree with the PCRA court's rationale. Attorney Potts's strategy was eminently reasonable. Accordingly, we find Barker's first issue fails.

In his final issue on appeal, Barker argues that his guilty plea should be invalidated as his plea was premised on the avoidance of mandatory minimum sentences. **See** Appellant's Brief, at 2, 22-26. Barker contends that because mandatory minimum sentences in Pennsylvania were found unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and its progeny, the basis for his plea is no longer valid. **See id**. Therefore Barker contends that he should be able to withdraw his guilty plea through the PCRA because "**Alleyne** based claims are not waivable." **Id**., at 26. However, in the event that we find that Barker did not properly preserve this claim, Barker contends that the waiver was a result of Attorney Potts's ineffectiveness. **See id**.

In dismissing this claim, the PCRA court cogently reasoned that "[w]hile it is true that at the time of the guilty plea hearing, the Commonwealth agreed not to pursue any mandatory minimum sentences, this Court concludes that a subsequent change in case law does not render

the Defendant's plea invalid." PCRA Court Opinion, 5/2/16, at 7 (citing, among others, **Brady v. United States**, 397 U.S. 742 (1970)). In **Brady**, the Court explained that

> judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, *a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.*

**Id**., at 756-757 (internal citation omitted; emphasis added). Indeed, the "possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." **United States v. Lockett**, 406 F.3d 207, 214 (3d Cir. 2005). And by no means, as **Brady** holds, does it render a plea intelligently and voluntarily entered subject to later attack merely on this basis.

To the extent that Barker contends Attorney Potts was ineffective for failing to predict **Alleyne** and its ramifications, we reject that contention. Counsel will not be deemed ineffective for failing to anticipate changes in the law. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1201 (Pa. 2012) (recognizing that "counsel will not be faulted for failing to predict change in the law"); **Commonwealth v. Cox**, 983 A.2d 666, 702 (Pa. 2009) ("The law

- 7 -

is clear that counsel cannot be held ineffective for failing to anticipate a change in the law.") Thus, we find Barker's second issue on appeal meritless.

Order affirmed.

Judge Solano joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017