J-S34005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SYLVESTER ALLEN PORTER :
:
Appellant : No. 1190 WDA 2021

Appeal from the PCRA Order Entered August 18, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008749-1984

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: OCTOBER 24, 2022**

Appellant, Sylvester Allen Porter, appeals *pro se* from the order entered in the Court of Common Pleas of Allegheny County dismissing as untimely his tenth petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On May 17, 1985, the trial court imposed a sentence of life imprisonment, after Appellant pleaded guilty to Second-Degree Murder. Appellant did not file a direct appeal.

Appellant filed nine separate PCRA Petitions which failed to garner relief. Appellant filed the instant *pro se* PCRA Petition on May 14, 2021. In an attempt to invoke the PCRA court's jurisdiction, Appellant pleaded the newly discovered fact exception to the PCRA's one-year jurisdictional time-bar. He

_____

[*] Retired Senior Judge assigned to the Superior Court.

argued that on May 20, 2020, he discovered for the first time that the trial court did not cite to any sentencing statute when imposing his life sentence.

On June 28, 2021, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The court found that Appellant untimely filed his petition and failed to prove an exception to the PCRA time-bar. Appellant filed a response reiterating the jurisdictional argument he made in his PCRA Petition. On August 18, 2021, the PCRA court dismissed Appellant's petition.

Appellant timely filed a *pro se* Notice of Appeal and both he and the PCRA court complied with Pa.R.A.P. 1925.[1]

Appellant raises the following issues for our review:

1. Whether the PCRA court improperly dismissed Appellant's PCRA Petition without addressing the merits of the petition. When petitioner did plead and prove that the issue in question falls within the exception to the one year time bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii)?

2. Whether the sentencing court erred when it imposed a life sentence without the possibility of parole for second degree murder without citing a specific statutory authorization in the court commitment order?

Appellant's Br. at 2.

---

[1] Appellant filed his Notice of Appeal forty-three days after the PCRA court's order dismissing his petition. The PCRA court docket, however, does not reflect service of the dismissal order on Appellant, as required by Pa.R.Crim.P. 114(C)(2)(c). Accordingly, Appellant's appeal period was never triggered. ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000). As a result, we deem Appellant's Notice of Appeal to be timely. ***See id.***

We begin our analysis with the PCRA court's finding that it lacked jurisdiction to address the merits of Appellant's petition. PCRA Ct. Op., 4/28/22, at 2-3 (unpaginated).[2] A petitioner has one year from the date that his or her judgment of sentence becomes final to file a timely PCRA Petition. 42 Pa.C.S. § 9545(b)(1). Appellant's judgment of sentence became final on June 17, 1985, and, therefore, his instant petition, filed over 35 years later, is patently untimely.[3]

Where, as here, a petitioner files an untimely PCRA Petition, the petitioner must overcome the jurisdictional time-bar by pleading and proving one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). If the petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. ***Commonwealth v. Spotz***, 171 A.3d 675, 676 (Pa. 2017).

In his PCRA Petition, Appellant attempted to overcome the time-bar by pleading the newly discovered fact exception under 42 Pa.C.S. § 9545(b)(1)(ii). PCRA Petition, 5/14/21, at 4. To invoke the newly discovered fact exception, the petitioner must plead and prove "that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence'" in the

---

[2] "The question of whether a petition is timely raises a question of law[ over which] our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted).

[3] "[A] judgment becomes final at the conclusion of direct review [] or at the expiration of time for seeking the review." 42 Pa.C.S. §§ 9545(b)(3). ***See also*** Pa.R.A.P. 903(a) (providing 30 days to appeal).

discovery of those facts. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007). The "petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010). Finally, the petitioner must raise the claim within one year from the time the claim could have been raised. 42 Pa.C.S. § 9545(b)(2).

Appellant's alleged "newly discovered fact" was that the sentencing court failed to cite a sentencing statute in its written sentencing order dated May 17, 1985. PCRA Petition at 4. ***See also*** Appellant's Br. at 6 (observing that Appellant's sentencing order "is void of noting a particular sentencing statute required to impose a life sentence"). He alleged to have learned of this fact for the first time on May 20, 2020, when he obtained a copy of his sentencing order. Appellant's Br. at 5-6.

The PCRA court dismissed Appellant's petition as untimely. PCRA Ct. Op. at 2-3. The court found that Appellant filed his petition over 35 years after his judgment of sentence became final, and he failed to prove that he exercised due diligence in discovering his alleged fact. ***Id.*** As a result, Appellant failed to invoke the PCRA court's jurisdiction. ***Id.***

The record supports the court's finding. The sentencing court imposed a life sentence in 1985. Appellant failed to explain why, through the exercise of due diligence, he could not have learned earlier in the intervening 35 years

that the sentencing order does not reference a sentencing statute.[4] Because Appellant failed to prove that he exercised due diligence to discover his alleged fact, Appellant has not satisfied the newly discovered fact exception. Since Appellant failed to plead and prove the applicability of any exception to the PCRA's jurisdictional time-bar, we agree with the PCRA court that it was without jurisdiction to address the merits of Appellant's petition. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2022

---

[4] We note that Appellant has cited no legal support for his substantive argument that because the sentencing court did not explicitly reference 18 Pa.C.S. § 1102(b) in its sentencing order, his sentence is illegal. Moreover, Appellant's argument is meritless. **Commonwealth v. Watson**, 228 A.3d 928, 937 (Pa. Super. 2020) (explaining that "a sentencing court need not . . . specifically reference the statute in question[.]" (citation omitted)). **See Commonwealth v. Prinkey**, 277 A.3d 554, 562-64 (Pa. 2022) (reciting the four general categories of challenges to legality of sentence, which do not include a court's reference to the sentencing statute).