J-S11018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SOLOMON JOHNSON :
:
Appellant : No. 2123 EDA 2022

Appeal from the PCRA Order Entered June 30, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004505-2004

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 7, 2023**

Solomon Johnson appeals the denial of his request for relief under the

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA

court denied the petition as untimely. We affirm.

In August 2006, a jury convicted Johnson of terroristic threats, false

imprisonment, intimidation of a witness, involuntary deviate sexual

intercourse ("IDSI"), and simple assault.[1] The court sentenced Johnson in

December 2006. In 2007, the court granted Johnson permission to file a *nunc*

*pro tunc* direct appeal, and, although Johnson filed a timely appeal, this Court

dismissed it on October 2, 2008, for his failure to file a brief. ***See*** Trial Court

Docket Entry No. 1. Johnson did not seek further appellate review at that time.

---

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2903(a), 4952(a)(1), 3123(a)(3), and
2701(a)(1), respectively.

He did file a PCRA petition in August 2009. The PCRA court dismissed it, and we affirmed the dismissal.

On January 12, 2022, Johnson filed what he styled as a "*habeas corpus*" petition, claiming prosecutorial misconduct. Noting that it was his second PCRA petition, the PCRA court issued Rule 907 notice of its intent to dismiss the petition. **See** Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1), filed May 10, 2022. The court determined that Johnson's petition was untimely and did not satisfy any time-bar exception. **See id.** at 2 n.1. It also determined that Johnson waived review of his issue because he could have claimed prosecutorial misconduct on direct appeal. **See id.** at 3 n.1 cont'd (citing 42 Pa.C.S.A. § 9544). Johnson responded to the notice stating that the court had erred in treating his *habeas* petition as a PCRA petition and the time restrictions of the PCRA did not apply. **See** Response to 907 Notice, filed June 21, 2022. The court denied Johnson's petition and entered an order advising Johnson of his right to appeal the order within 30 days, on June 30. **See** Order, filed June 30, 2022. The docket does not reflect that the court served Johnson with this order. **See** Trial Court Docket Entry No. 9/1.

On July 30, 2022, Johnson filed a notice of appeal in this Court. On August 15, our Prothonotary sent notice to the trial court explaining that Johnson had incorrectly submitted his notice of appeal to this Court rather than the trial court. The same day, Johnson properly filed his notice of appeal with the trial court.

Before turning to Johnson's appellate issues, we address whether Johnson's appeal was timely, as his appeal was docketed in the trial court more than 30 days after the entry of the order from which he appealed. ***See Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa.Super. 2014) (stating this Court may address issue of timeliness of appeal *sua sponte*). We nonetheless will not quash. The appeal period does not begin to run until the trial court's clerk of courts notes the date of service on the docket. ***See*** Pa.R.Crim.P. 114(C)(2)(c) (docket entries "shall contain" the "date of service of the order"); Pa.R.Crim.P. 907(4) (indicating that an order dismissing a petition without a hearing "shall advise the defendant . . . of the time limits within which the appeal must be filed"); Pa.R.A.P. 108(a)(1) (the appeal period only begins running on the date the Clerk "mails or delivers copies of the order to the parties"), (d)(1). No such docket notation exists here. The time for taking an appeal never started to run, and we treat the appeal as timely. ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa.Super. 2000).

Johnson presents the following question, which we repeat verbatim:

- Issue: "Prosecution Misconduct" (Based on (3) Factors)

1. Prosecuted a charge knowing is not supported by probable cause (i.e. IDSI) . . .

2. For using perjured testimony . . .

3. Prosecution allowed victims misstatements regarding IDSI to stand uncorrected . . .

Johnson's Br. at 4.

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018) (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3).

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted). A court may not address the merits of an untimely PCRA petition unless the petitioner pleads and proves a time bar exception. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010); 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

We do not reach the merits of Johnson's issue as the PCRA court properly dismissed his petition as untimely. Johnson's judgment of sentence became final on November 3, 2008, when his time to appeal the dismissal to our Supreme Court expired. **See** Pa.R.A.P. 1113(a); 1 Pa.C.S.A. § 1908; **Commonwealth v. Rojas**, 874 A.2d 638, 643 (Pa.Super. 2005) (concluding petitioner's judgment of sentence became final for PCRA purposes when the time to appeal dismissal of direct appeal expired). The one-year time bar, therefore, expired on November 3, 2009. **See** 42 Pa.C.S.A. § 9545(b)(1). Accordingly, the instant petition, filed on January 12, 2022, was facially

untimely and the PCRA court lacked jurisdiction to review Johnson's claim unless he was able to successfully plead and prove one of the statutory exceptions to the time bar. *See id.* at § 9545(b)(1)(i)-(iii).

Here, Johnson did not attempt to assert any time-bar exception in his PCRA petition. As it was his burden to establish timeliness, the PCRA court properly denied his petition for untimeliness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023