COMMONWEALTH of Pennsylvania, Appellee,

v.

**Shakil JERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 26, 2000.
Filed Oct. 31, 2000.

Shakil Jerman, appellant, pro se.

John P. Muncer, Asst. Dist. Atty., Sunbury, for Commonwealth, appellee.

Before CAVANAUGH, DEL SOLE and MUSMANNO, JJ.

DEL SOLE, J.:

¶1 Appellant Shakil Jerman appeals from the order dismissing his Post Conviction Relief Act petition. For the reasons set forth below, we vacate the order and remand for further proceedings.

¶2 Pursuant to a plea agreement, Appellant pled guilty to one count of riot; charges of unlawful restraint and failure to disperse were dismissed. On July 17, 1997, Appellant was sentenced to 1 to 2 years' imprisonment. No direct appeal was filed. Instead, on August 14, 1998, Appellant mailed from prison a petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. On September 4, 1998, Appellant's petition was returned to him by the Deputy Court Administrator because it was "not the correct paperwork."[1] On March 2, 1999, Appellant filed a PCRA petition on the prison-supplied forms. The allegations in this petition were identical to those in the August 1998 petition. The Commonwealth's response asserted that the petition was untimely and should be dismissed. The PCRA Court issued notice under Pa. R.Crim.P. 1507 of its intention to dismiss the petition and, by order dated April 15, 1999, dismissed Appellant's petition. This appeal followed.

¶3 Initially, we address the Commonwealth's claim that this appeal is untimely and should be quashed. Although the notice of appeal is dated May 4, 1999, it was not docketed until June 16, 1999. As this is more than 30 days after April 15, the Commonwealth argues, the appeal is untimely.

1. A copy of this letter is attached to Appellant's Brief as Appendix "D." Although the letter is not part of the certified record, the Commonwealth concedes that this communication occurred. *See* Appellee's Brief at 4 fn. 1.

¶ 4 A notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903. In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket. Pa.R.Crim.P. 9025; *Commonwealth v. Gordon*, 438 Pa.Super. 166, 652 A.2d 317 (1994), *affirmed* 543 Pa. 513, 673 A.2d 866 (1996) (where order is dated December 29, 1993, but clerk does not notify parties until February 8, 1994, notice of appeal filed on February 10, 1994, is timely). Our review of the docket entries discloses no indication that the clerk furnished a copy of the order to Appellant. Thus, we assume the period for taking an appeal was never triggered and the appeal is considered timely. *Estate of Keefauver*, 359 Pa.Super. 336, 518 A.2d 1263 (1986).

¶ 5 On this appeal, Appellant claims that the PCRA court abused its discretion in dismissing his petition as untimely and in failing to appoint counsel.[2] We agree.

¶ 6 A petition seeking relief under the PCRA must be filed within one year of the date the judgment becomes final.[3] 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review **or at the expiration of time for seeking the review.** 42 Pa.C.S.A. § 9545(b)(3). Appellant was sentenced on July 17, 1997. Although he did not file a direct appeal, his judgment of sentence did not become final until the expiration of time for seeking review in this Court or thirty days after sentence was imposed. Thus, Appellant's judgment of sentence became final on August 16, 1997, and any PCRA petition filed within one year of that date is timely.[4] Under the prisoner mailbox rule, a petition filed by a prisoner is deemed "filed" on the date it is deposited with prison authorities for mailing. *Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997).

¶ 7 Appellant's initial PCRA petition was dated August 11, 1998, but not filed by the clerk of courts until August 21, 1998. Appellant subsequently filed an affidavit of mailing along with postal receipts indicating a mailing date of August 14, 1998. Under the prisoner mailbox rule, August 14 is considered the filing date. Since this date is within one year of August 16, 1997, Appellant's petition was timely.

¶ 8 However, instead of directing the petition to the appropriate judge for the appointment of counsel[5] and further proceedings, the clerk returned the petition to Appellant because it was "not the correct paperwork." There is no requirement that a PCRA petition be on any particular form. Nevertheless in an effort to comply with the clerk's letter, Appellant filed a second petition, using the prison-supplied form and raising the same issues, on March 2, 1999. This second petition was not a separate, second PCRA petition but rather was an extension or amendment of the original petition, which had not yet been assigned to or disposed of by a judge. *Commonwealth v. Leasa*, 2000 PA Super 266, 759 A.2d 941 (2000); *Commonwealth v. Peterson*, 2000 PA Super 201, 756 A.2d 687 (2000).

¶ 9 We hold, therefore, that Appellant's initial PCRA petition was timely filed, that his "second" petition was merely an extension of the first filed in an effort to comply

---

2. Appellant raises other claims which, due to our disposition, we need not discuss.

3. There are certain exceptions to the one-year rule which are not relevant to this appeal.

4. The trial court referred to the proviso which is applicable only to judgments of sentence which became final before the passage of this section of the PCRA and held that Appellant was required to file his petition within one year from the effective date of the amendments or by January 16, 1997. As Appellant was not sentenced until July 17, 1997, or seven months after this deadline, this determination is obviously incorrect.

5. We note that Appellant did request the appointment of counsel in his initial petition.

with the clerk of courts' erroneous communication that his petition was not "the correct paperwork," and that the court should have appointed counsel and proceeded to dispose of Appellant's petition on the merits. We therefore vacate the order dismissing Appellant's petition and remand for the appointment of counsel and such further proceedings as are appropriate under the PCRA.

¶ 10 Order vacated; case remanded with directions. Jurisdiction relinquished.