J-S30001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERTO MOLINO | |
| Appellant | No. 1172 EDA 2015 |

Appeal from the PCRA Order October 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1208261-1996

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:            **FILED APRIL 05, 2016**

Appellant, Roberto Molino, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial (4th) petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On October 20, 1997, a jury convicted Appellant of first-degree murder and possessing instruments of crime ("PIC").  The court sentenced Appellant that day to life imprisonment for murder and a concurrent 2½-5 years' imprisonment for PIC.  This Court affirmed the sentence on June 11, 1999, and our Supreme Court denied allowance of appeal on January 13, 2000.  **See Commonwealth v. Molino**, 742 A.2d 207 (Pa.Super. 1999), *appeal denied*, 561 Pa. 672, 749 A.2d 468 (2000).  Appellant timely filed a PCRA petition on January 24, 2000.  The court denied relief on January 29, 2003.  This Court affirmed the denial of PCRA

relief on March 16, 2004, and our Supreme Court denied allowance of appeal on July 22, 2004. *See Commonwealth v. Molino*, 850 A.2d 11 (Pa.Super. 2004), *appeal denied*, 579 Pa. 690, 856 A.2d 833 (2004). On March 19, 2013, Appellant filed *pro se* the current serial PCRA petition (his 4th). The court issued Pa.R.Crim.P. 907 notice on September 19, 2014, and denied PCRA relief on October 24, 2014. This appeal followed.[1]

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(1), (3). The statutory exceptions to the timeliness provisions allow for very limited circumstances under which the late filing of a petition will be

---

[1] Appellant filed his notice of appeal on April 7, 2015, beyond the requisite timeframe. *See* Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Nevertheless, Appellant claims he did not receive notice of the court's order until March 31, 2015. Appellant attaches to his brief a document dated April 3, 2015, in which prison authorities confirm Appellant received no certified mail from the court during the relevant timeframe. As well, the docket entries fail to indicate when notice was sent, and the order denying PCRA relief does not contain a certificate of service. Under these circumstances, this appeal is timely. *See Commonwealth v. Jerman*, 762 A.2d 366 (Pa.Super. 2000) (explaining that in criminal case, date of entry of order is date clerk of courts enters order on docket, furnishes copy of order to parties, and records time and manner of notice on docket; appellant's appeal filed more than 30 days after date of order denying PCRA relief was timely, where docket entries failed to disclose that clerk furnished copy of order to appellant). No Pa.R.A.P. 1925(b) statement was ordered or filed.

excused, and a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(1-2). The timeliness exception at Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264 (2007). A claim based on inadmissible hearsay does not satisfy this exception. ***Commonwealth v. Abu-Jamal***, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008).

Instantly, Appellant's judgment of sentence became final on April 9, 2001, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13. Thus, Appellant's current petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Appellant attempts to invoke the "new facts" exception at Section 9545(b)(1)(ii), claiming an unnamed fellow inmate "recently" told him that Antonio Vasquez, an alleged eyewitness to the murder, did not believe Appellant was the shooter because the shooter (who wore a paper bag over his head) had a different body type than Appellant. Upon receipt of this information, Appellant wrote to the Innocence Project and an investigator met with Mr. Vasquez on February 1, 2013. The investigator signed a "certification" relating Mr. Vasquez's comments, but Mr. Vasquez refused to sign the certification. Notwithstanding Appellant's contentions, he

has failed to satisfy the 60-day rule because he did not articulate when he first learned about Mr. Vasquez's alleged statements via the unnamed inmate. **See** 42 Pa.C.S.A. § 9545(b)(2). Additionally, Appellant's "new facts" claim is based on the unnamed inmate's statements and the investigator's certification, both of which constitute inadmissible hearsay; Appellant does not cite any applicable hearsay exception.[2] **See Abu-Jamal, supra**. Thus, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/5/2016

---

[2] Appellant has abandoned on appeal other claims he raised in his PCRA petition, so we will not give those claims any attention.