J-S05021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FRANCIS E. VANDERPOOL | |
| Appellant | No. 1152 MDA 2016 |

Appeal from the PCRA Order July 1, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000003-1965
CP-08-MD-0000209-2012

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 24, 2017**

Appellant, Francis E. Vanderpool, appeals *pro se* from the order entered in the Bradford County Court of Common Pleas on July 1, 2016,[1] dismissing his serial Post Conviction Relief Act ("PCRA") petition as untimely. We affirm.

---

[*] Retired Senior Judge assigned to Superior Court.

[1] Appellant purports to appeal from the PCRA court's order dated June 27, 2016. **See** Notice of Appeal, filed 7/14/16. "In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (citations omitted). That date, in this case, is July 1, 2016.

The relevant facts and procedural history of this case may be summarized as follows. On January 21, 1966, Appellant entered a guilty plea to murder generally, for the shooting death of his pregnant wife. Appellant was 18 years old at the time of the murder. The trial court accepted the plea and held a degree of guilt hearing, at which time the court deemed Appellant guilty of first-degree murder. The court sentenced him to the statutorily mandated term of life incarceration without parole.

In the years following Appellant's conviction, he filed several unsuccessful petitions for collateral relief. Appellant filed the instant petition on March 28, 2016. The PCRA court issued Rule 907 notice, and later dismissed Appellant's petition. Appellant filed a timely notice of appeal.

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition is met. **See** 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d at 652 (citations omitted). **See also** 42 Pa.C.S.A. § 9545(b)(2).

"[A] contention that a newly-recognized constitutional right **should** be

extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted; brackets added and in original; emphasis in original).

Appellant did not file a direct appeal; therefore, his judgment of sentence became final in 1966. Despite the half-century lapse between his judgment of sentence and his current petition, Appellant attempts to avoid the PCRA's time bar by invoking the new constitutional rule exception. Appellant cites ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016).

In ***Miller***, the Court held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." ***Id***., at 2464. In ***Montgomery***, the Court found that ***Miller*** recognized "a new substantive rule of constitutional law" and should apply retroactively. 136 S.Ct. at 729.

Appellant was 18 when he murdered his pregnant wife. He cites ***Miller*** and ***Montgomery*** for the novel premise that the Supreme Court's rulings include those who were 18 at the time they committed their crimes. ***Miller***, however, applies to "juveniles," ***id***., at 2464, that is, only to those defendants who were "under the age of 18 at the time of their crimes," ***id***., at 2460. Appellant's reliance on ***Miller*** and ***Montgomery*** for retroactive relief from a crime he committed when he was legally an adult is simply inapposite.

We further note that this Court has flatly rejected Appellant's brain development argument. **See**, **e.g.**, **Furgess**, 149 A.3d at 94.

Appellant's petition is patently untimely and does not fall into any of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b); consequently, the PCRA court lacked jurisdiction to consider it. Thus, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2017