J-S17003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN PHYLLIP BOWERS | : | |
| | : | |
| Appellant | : | No. 1390 WDA 2022 |

Appeal from the PCRA Order Entered October 19, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001526-2014

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  June 2, 2023**

Ryan Phyllip Bowers appeals from the order, entered in the Court of Common Pleas of Mercer County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

We previously summarized the factual history of this case as follows:

[Bowers] was arrested and charged with several crimes stemming from the murder of Michael Anthony Johns[].  [Bowers] and Patrick McCamey arrived at Johns' home with the intention of committing a burglary/robbery.  Upon arrival, an altercation ensued, ultimately resulting in Johns' death.  Both [Bowers] and McCamey were stabbed by Johns during the struggle. . . .

[Bowers] proceeded to a jury trial, and on [May 18], 201[5,] was found guilty of . . . [,] *inter alia*, robbery, burglary, two counts of second-degree murder, and third-degree murder. . . .  On November 25, 201[5], [Bowers] was sentenced to [] concurrent terms of life imprisonment for each count of second-degree murder and concurrent terms of imprisonment of 10-20 years for third-degree murder and criminal conspiracy[,] respectively.

*Commonwealth v. Bowers*, 159 A.3d 603 (Pa. Super. 2016) (Table).

We affirmed Bowers' judgment of sentence on November 30, 2016, *see id.*, and our Supreme Court denied Bowers' petition for allowance of appeal on May 11, 2017. *See id.*, *appeal denied*, 169 A.3d 520 (Pa. 2017).

On September 15, 2017, Bowers filed a timely *pro se* PCRA petition, his first. Bowers was appointed counsel, who filed two amended petitions in which he raised challenges to trial counsel's ineffectiveness for failing to object "to the Commonwealth introducing [Bowers'] confession[,] wherein [Bowers] indicated he was 'on paper[,]'" and challenged the legality of Bowers' sentence. *See Commonwealth v. Bowers*, 203 A.3d 363 (Pa. Super. 2018) (Table). Ultimately, on April 16, 2018, the PCRA court granted in part, and denied in part, Bowers' PCRA petition. In particular, the PCRA court granted relief on Bowers' sentencing claim and vacated his judgment of sentence, but denied Bowers' petition with respect to trial counsel's purported ineffectiveness. On May 4, 2018, the trial court resentenced Bowers to one term of life imprisonment, and to serve a concurrent term of five to 20 years for his criminal conspiracy conviction. *Id.* Bowers filed an untimely appeal, which this Court quashed.[1] *Id.*

On December 23, 2020, more than 18 months later, Bowers filed a second *pro se* PCRA petition in which he alleged that prior PCRA counsel was

---

[1] On June 4, 2018, Bowers had appealed from the April 16, 2018 order granting in part, and denying in part, his PCRA petition. *Id.* For that reason, this Court concluded that Bower's appeal was untimely and quashed his appeal. *See id.*

ineffective for failing to file a timely notice of appeal from the order denying his first PCRA petition. Ultimately, the PCRA court dismissed the petition as untimely. Bowers filed a timely *pro se* notice of appeal, and the PCRA court appointed counsel, who determined that the PCRA petition was untimely and sought to withdraw the appeal and from representation. On November 21, 2021, this Court granted counsel's request to withdraw and discontinued the appeal.

On March 28, 2022, Bowers filed a third *pro se* PCRA Petition titled "Motion for Reinstatement of Appellant Rights *nunc pro tunc*" that the PCRA court denied. Shortly thereafter, Bowers filed a motion for reconsideration that the PCRA also denied.

On September 22, 2022, Bowers filed his fourth *pro se* PCRA Petition, the instant petition. The PCRA court dismissed the petition on October 19, 2022.[2] Bowers filed a timely notice of appeal.[3]

---

[2] The order is dated October 18, 2022, but was not entered on the docket until October 19, 2022.

[3] Bowers did not file his notice of appeal until November 21, 2022, three days late. On December 19, 2022, this Court issued a Rule to Show Cause why Bowers' appeal should not be quashed as untimely. Bowers filed a Response, in which he attached a copy of his prisoner cash slip. This Court discharged the Rule to Show Cause and deferred the issue to the merits panel.

Bowers is *pro se* and incarcerated and, therefore, may benefit from the "prisoner mailbox rule." ***See*** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed
*(Footnote Continued Next Page)*

Bowers now raises the following claims on appeal:

(1) [Trial counsel was ineffective for] not objecting when the Commonwealth played a taped recording in which [Bowers] stated he was "on paper."

(2) [Trial counsel was ineffective for] not asking for a curative instruction when the Commonwealth played a recording in which [Bowers] stated he was "on paper."

(3) Trial counsel was ineffective for] not moving for mistrial as requested by [Bowers] when the Commonwealth played a taped recording of [Bowers] stating he was "on paper."

Brief for Appellant, at 2 (unnumbered).

"On appeal from the denial of relief under the [PCRA], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa.

_____

prisoner cash slip or other reasonably verifiable evidence."). The cash slip indicates that Bowers delivered his notice of appeal to prison authorities on November 15, 2022. Therefore, Bowers' notice of appeal is considered to be timely filed.

Moreover, we note that the record does **not** reflect that the PCRA court's order dismissing Bowers' PCRA petition was ever served on Bowers. *See* Pa.R.Crim.P. 114(C)(2)(c) (trial court docket "shall contain . . . the date of service of the order or court notice"); Pa.R.A.P. 108(a)(1) ("in computing any period of time under these rules involving the date of entry of an order by a court . . ., the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the order to the parties."); *see also Commonwealth v. Carter*, 122 A.3d 388, 390-92 (Pa. Super. 2015) (appeal period does not run until clerk of courts mails or delivers copies of order to parties shown on docket); *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (where trial court docket did not indicate clerk of courts furnished copy of final order to appellant, this Court "assume[d] the period for taking an appeal was never triggered," and considered appeal timely filed). Thus, even if Bowers had not benefited from the prisoner mailbox rule, we would construe this failing to be a breakdown in court processes that excused Bowers' otherwise untimely filing.

2010). Additionally, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Bowers' judgment of sentence became final, for the purposes of the PCRA, on June 4, 2018, when the time expired for him to file a direct appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(1), (3); Pa.R.A.P. 903(a) (providing 30 days to file notice of appeal). Thus, Bowers had until June 4, 2019, to file a timely petition under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1), (3). Bowers' instant petition was filed on September 22, 2022, over three years later. Thus, it is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Bowers does not plead, let alone prove, any exception to the PCRA's timeliness requirements. Accordingly, the PCRA court lacked jurisdiction to review Bowers' untimely PCRA petition, and, thus, we affirm the PCRA court's order dismissing his petition. *See Albrecht*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2023

- 6 -