J-S03002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ZURIA MARTZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERECK MARTZ | : | |
| | : | |
| Appellant | : | No. 496 MDA 2023 |

Appeal from the Decree Entered December 29, 2022
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2022-00375

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                **FILED: FEBRUARY 14, 2024**

Appellant, Dereck Martz ("Husband"), appeals *pro se* from the decree entered December 29, 2022, which dissolved the matrimonial bond between Husband and Zuria Martz ("Wife").  We vacate the December 29, 2022 decree and remand.

Husband and Wife married on April 15, 2017.  "On December 17, 2017, a jury returned verdicts [finding] that Husband was guilty of rape[,] involuntary deviate sexual intercourse with a person less than 13 years of age[,] statutory sexual assault[,] aggravated indecent assault [of] a person less than 13 years of age[,] and indecent assault [of] a person less than 13 years of age[.]"  Trial Court Opinion, 5/17/23, at *1 (unpaginated).  Husband was subsequently sentenced "to a term of imprisonment in a state correctional institution for a total period of 13 [] to 52 years."  *Id.*

On March 15, 2022, Wife filed a complaint in divorce seeking a divorce pursuant to 23 Pa.C.S.A. § 3301(c) and (d) of the Divorce Code.[1] Wife averred in the complaint that the parties' marriage was irretrievably broken and that the parties had lived separate and apart for at least one year as of December 13, 2018. "There were no economic or ancillary claims asserted therein." Trial Court Opinion, 5/17/23, at *1 (unpaginated).

Thereafter, Wife served Husband an affidavit setting forth the date of separation and asserting that the marital bond was irretrievably broken. On September 16, 2022, Husband filed a counter-affidavit in which he contested Wife's assertion that the marriage was irretrievably broken. Husband, however, did not contest that the parties had lived separate and apart from, at least, December 13, 2018.

On October 31, 2022, Wife filed a motion seeking resolution of "the issue asserted in [Husband's] counter-affidavit under Section 3301(d) of the Divorce Code," *i.e.*, Husband's contention that the marriage was not irretrievably broken. Wife's Motion, 10/31/22, at 1. The trial court convened a hearing on Wife's motion on December 22, 2022. Although arrangements were made for Husband to attend the hearing *via* video conferencing, due to delays in the court's schedule, Husband was unable to attend. *See* N.T.

_____

[1] Wife's complaint did not invoke one of the fault-based grounds for divorce recognized in 23 Pa.C.S.A. § 3301(a), including the provision set forth at Section 3301(a)(5) which allows the trial court to grant a divorce to an innocent and injured spouse whenever the other spouse has been sentenced to imprisonment for a term of two or more years upon conviction of having committed a crime. *See* 23 Pa.C.S.A. § 3301(a).

Hearing, 12/22/22, at 2-3. At the hearing, "Wife[, through counsel] asserted . . . that [the parties] were separated for about five years at that point largely due to [Husband's] incarceration." Trial Court Opinion, 5/17/23, at *2. Ultimately, on December 29, 2022, the trial court entered a final divorce decree dissolving the matrimonial bond between Husband and Wife. This timely appeal followed.[2]

Appellant raises the following issues on appeal:

1. Whether the trial court committed an error [of law] when it conducted a hearing pursuant to 23 Pa.C.S.[A.] § 3301(d)(1)(ii) and Pa.R.C.P. 1920.51(a)(1)(i)(D) in a contested divorce case without [] Appellant being present at the hearing?

2. Whether the trial court committed an error by granting [Wife's] request for a divorce without giving Appellant an opportunity to be heard and present evidence that, although living apart, the parties continued to view their relationship as that of husband and wife before the one-year requirement expired under [Section] 3301(d) of Divorce Code?

_____

[2] "A notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b); *see* Pa.R.Civ.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice[.]").

On February 8, 2023, Husband herein appealed the divorce decree entered December 29, 2022. Our review of the docket entries in this matter, however, reveals that there is no indication that the clerk furnished a copy of the December 29, 2022 order to Husband. We therefore "assume [that] the period for taking an appeal was never triggered" and consider Husband's appeal to be timely filed. ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000).

Husband's Brief at 3.

In both of Husband's appellate issues, he contends that the trial court erred in entering a decree of divorce despite his inability to attend the December 22, 2022 hearing. We will address both of Appellant's claims together.

This Court's standard of review in divorce actions is well-settled. "[I]t is the responsibility of this [C]ourt to make a *de novo* evaluation of the record of the proceedings and to decide independently of the . . . lower court whether a legal cause of action in divorce exists." ***Jayne v. Jayne***, 663 A.2d 169, 172 (Pa. Super. 1995).

Section 3301 of the Divorce Code sets forth the grounds upon which a court may grant a divorce. It states, in relevant part, as follows:

> **(d) Irretrievable breakdown.**--
>
>> (1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken and the defendant either:
>>
>>> (i) Does not deny the allegations set forth in the affidavit.
>>>
>>> (ii) Denies one or more of the allegations set forth in the affidavit but, **after notice and hearing**, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken.

23 Pa.C.S.A. § 3301(d)(1)(i)-(ii) (emphasis added).

- 4 -

Similarly, Rule 1920.42 of the Pennsylvania Rules of Civil Procedure outlines the procedure to be followed to obtain a divorce decree under Section 3301(c) or Section 3301(d).  It states, in relevant part, as follows:

**(c) Obtaining a divorce decree under Section 3301(d) of the Divorce Code.**

(1) If a party has filed a complaint requesting a divorce on the ground of irretrievable breakdown and the requisite separation period has elapsed, the court shall enter a decree in divorce after:

(i) proof of service of the complaint has been filed;

(ii) a party has signed and filed an Affidavit under Section 3301(d) of the Divorce Code averring that the marriage is irretrievably broken and that the parties have been separate and apart for the required separation period;

(iii) the filed affidavit and a blank Counter-Affidavit under Section 3301(d) of the Divorce Code have been served on the other party consistent with Pa.R.C.P. No. 1930.4, and the other party has admitted or failed to deny the averments in the Affidavit under Section 3301(d) of the Divorce Code;

(A) If a party files a Counter-Affidavit under Section 3301(d) of the Divorce Code denying an averment in the Affidavit under Section 3301(d) of the Divorce Code, including the date of separation, either party **may present a motion requesting the court resolve the issue**.

(B) After presentation of the motion in subdivision (A), the court **may hear the testimony** or, consistent with Pa.R.C.P. No. 1920.51(a)(1)(ii)(D), appoint a hearing officer to hear the testimony and to issue a report and recommendation.

Pa.R.C.P. No. 1920.42(c)(1)(i)-(iii) (emphasis added).

In this instance, Wife filed a complaint in divorce pursuant to both Section 3301(c) and (d). To support her request for a divorce decree, Wife alleged that the parties lived separate and apart for at least one year and that the marriage was irretrievably broken. Husband did not contest Wife's averment that the parties lived separate and apart for more than one year but denied that the marriage was irretrievably broken. Hence, pursuant to Pa.R.C.P. 1920.42(c)(1)(iii)(A), Wife requested the trial court to resolve this issue.

The trial court, in turn, scheduled a hearing for December 22, 2022, which Husband was ultimately unable to attend due to circumstances outside of his control. The trial court, however, did not postpone or continue the hearing due to Husband's absence. Instead, the court proceeded to engage in a brief *ex-parte* discussion with Wife's counsel and then ultimately resolved the issue of whether the parties' marriage was, in fact, irretrievably broken, based upon that discussion. *See* N.T. Hearing, 12/22/22, at 1-5. Thus, the issue was resolved without the benefit of on-the-record testimony, without opportunities for cross-examination, and without the receipt of any other evidence by either party. In so doing, the trial court acted contrary to Section 3301(d)(ii) of the Divorce Code and Pa.R.C.P. No. 1920.42(c)(1)(iii)(B) as both require the trial court, when confronted with a situation in which a party denies an averment in divorce affidavit, to conduct a hearing and receive testimony.

In its opinion, the trial court points to the fact that Husband "is serving more than two years for multiple felony convictions of the most egregious nature" as evidence that "a no-fault divorce under [Section] 3301(d) was clearly available to Wife." Trial Court Opinion, 5/17/23, at *2 (unpaginated). Then, the trial court cites to Section 3301(e) of the Divorce Code which permits a trial court to enter a divorce decree without a hearing if "grounds for divorce alleged in the complaint or counterclaim are established under section (c) or (d)." 23 Pa.C.S.A. § 3301(e); *see* Trial Court Opinion, 5/17/23, at *2. Based upon the foregoing, the trial court concludes that Husband's appeal is frivolous. *Id.*

Importantly, however, the grounds relied upon by the trial court, *i.e.*, Husband's various convictions, was not clear from the face of Wife's complaint, as it makes no mention of Husband's status, and in light of Husband's counter-affidavit contesting the circumstances of the parties' marriage. Moreover, as stated above, the trial court did not determine that the parties' marriage was irretrievably broken based upon a developed record. Instead, the court held an *ex parte* conversation with Wife's counsel and subsequently relied upon a fault-based ground for divorce (23 Pa.C.S.A. § 3301(a)(5)) which Wife did not assert in her complaint to find that the marriage was irretrievably broken under Section 3301(d). Finally, the trial court should not, under the guise of relying on Section 3301(e), have abruptly changed course without notice after it initially scheduled a hearing. At the very least, the trial court should have informed the parties of its intent to enter a divorce decree

pursuant to Section 3301(e) and then permit the parties namely, Husband, to explain why a hearing may be necessary.

We therefore reverse the trial court's December 29, 2022 decree dissolving the matrimonial bond between Husband and Wife and remand for the trial court to conduct a hearing pursuant to 23 Pa.C.S.A. § 3301(d) and Pa.R.C.P. No. 1920.42(c)(1)(iii)(B).

Decree reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024