J-A02013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO JAMES HAWLEY | : | |
| | : | |
| Appellant | : | No. 604 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 7, 2022
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000036-2021

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED: APRIL 16, 2024**

Appellant Antonio James Hawley appeals *nunc pro tunc* from the judgment of sentence imposed after a jury convicted him of strangulation and related offenses. Appellant argues that the trial court abused its discretion by granting the Commonwealth's motion to amend the information and denying his motion for judgment of acquittal. We affirm.

The trial court summarized the facts of this case as follows:

On or about December 16, 2021, a criminal complaint was filed against [Appellant] charging [him] with the following:

Count 1: Strangulation — Applying Pressure to Throat or Neck, 18 Pa.C.S. § 2718(a)(2)(i) [sic], a felony of the second degree[.]

Count 2: Simple Assault, 18 Pa.C.S. § 2701(a)(1), a misdemeanor of the second degree[.]

Count 3: Harassment — Strike, Shove, Kick, 18 Pa.C.S. § 2709(a)(1), a summary offense.

> More specifically, [Appellant] was charged with knowingly or intentionally impeding the breathing or circulation of the blood of another person by applying pressure to the throat or neck of his father, Gerard Hawley [(the victim)] on or about October 2, 2021. . . .

Trial Ct. Op., 4/24/23, at 1 (some formatting altered).

On March 28, 2022, Appellant proceeded to a jury trial. The Commonwealth presented testimony from the victim and Trooper Eric Whited of the Pennsylvania State Police.

The trial court summarized the ensuing procedural history of this case as follows:

> Following the close of the Commonwealth's case, counsel for [Appellant] made a motion for judgment of acquittal on all three (3) counts. [For count one, strangulation, Appellant] was charged under 18 Pa.C.S. § 2718(a)(2)(i). As was pointed out during oral argument by counsel for [Appellant], said subsection does not exist. In response, counsel for the Commonwealth conceded that there was a typographical error and that it should have been 18 Pa.C.S. § 2718(a)(1). This court further noted that a review of the magisterial district [court] docket transcript that the charge of strangulation was noted as (a)(1).

*Id.* at 2-3 (citations omitted).

The trial court denied Appellant's motion for judgment of acquittal and granted the Commonwealth's motion to amend the information to change the statutory citation. Ultimately, the jury found Appellant guilty of strangulation and simple assault, and the trial court found Appellant guilty of the summary offense of harassment.[1] On June 7, 2022, the trial court sentenced Appellant

---

[1] 18 Pa.C.S. §§ 2718(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

to an aggregate term of 59½ to 120 months' incarceration and imposed $1,300 in fines. Appellant did not file any post-sentence motions nor a direct appeal.

On December 5, 2022, Appellant filed a timely *pro se* Post Conviction Relief Act[2] (PCRA) petition requesting the reinstatement of his direct appeal rights. On December 19, 2022,[3] the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a timely notice of appeal.[4] Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Whether the trial court erred in permitting the Commonwealth to substantively amend the criminal information from 18 Pa.C.S.[] §

_____

[2] 42 Pa.C.S. §§ 9541-9546.

[3] We note that although the PCRA court's order granting Appellant's PCRA petition was dated December 13, 2022 and time-stamped on December 16, 2022, the docket entries reflect that the PCRA court served Appellant with a copy of this order on December 19, 2022. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); **see also** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1).

[4] Appellant filed his notice of appeal *nunc pro tunc* on December 15, 2022. As stated above, the PCRA court did not enter its order reinstating Appellant's direct appeal rights until December 19, 2022. Pa.R.A.P. 905 provides that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Therefore, Appellant's notice of appeal relates forward to the PCRA court's December 19, 2022 order reinstating Appellant's direct appeal rights *nunc pro tunc*. **See id.** Accordingly, we have jurisdiction over this appeal.

2718(a)(2) as originally filed to 18 Pa.C.S.[] § 2718(a)(1) after defense counsel's motion for judgement of acquittal following the close of the Commonwealth's case in chief when granting the same substantively changed the evidence required for conviction?

Appellant's Brief at 7 (some formatting altered).

Appellant argues that the trial court erred in granting the Commonwealth's request to amend the information. *Id.* at 11-15. Specifically, Appellant contends that he suffered prejudice because the amendment changed the factual scenario underlying the charge and modified the description of the charge to an entirely separate and distinct offense. *Id.* at 11-12. Appellant also argues that the amendment prejudiced him because his defense strategy was based on the Commonwealth's failure to prove that Appellant blocked the nose and mouth of the victim. *Id.* at 12-14.

We review a trial court's decision to grant or deny a motion to amend an information for an abuse of discretion. *See Commonwealth v. Small*, 741 A.2d 666, 681 (Pa. 1999). As we have explained,

[a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Belknap*, 105 A.3d 7, 10 (Pa. Super. 2014) (citations omitted and some formatting altered).

Rule 564 of the Pennsylvania Rules of Criminal Procedure provides as follows:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

"[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." ***Commonwealth v. Sinclair***, 897 A.2d 1218, 1221 (Pa. Super. 2006) (citation omitted). "[O]ur courts apply the rule with an eye toward its underlying purposes and with a commitment to do justice rather than be bound by a literal or narrow reading of [the] procedural rules." ***Commonwealth v. Grekis***, 601 A.2d 1284, 1289 (Pa. Super. 1992).

When presented with a question concerning the propriety of an amendment, we consider

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amend[ment] is not permitted.

***Commonwealth v. Mentzer***, 18 A.3d 1200, 1202 (Pa. Super. 2011) (citations omitted).

Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices [a defendant] by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges.

*Sinclair*, 897 A.2d at 1223 (citation omitted).

In determining whether a defendant suffered prejudice, we consider the following factors:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Mentzer*, 18 A.3d at 1203 (citation omitted).

With respect to strangulation, Section 2718(a) of the Crimes Code provides:

**(a) Offense defined.**—A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:

  (1) applying pressure to the throat or neck; or

  (2) blocking the nose and mouth of the person.

18 Pa.C.S. § 2718(a).

Here, the trial court explained:

> As was pointed out during oral argument by counsel for [Appellant, 18 Pa.C.S. § 2718(a)(2)(i)] does not exist. In response, counsel for the Commonwealth conceded that there was a typographical error and that it should have been 18 Pa.C.S. § 2718(a)(1). This court further noted that a review of the magisterial district [court] docket transcript that the charge of strangulation was noted as (a)(1).
>
> Pennsylvania Rule of Criminal Procedure 560(c) states that "[t]he information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.["] Pa.R.Cr[im].P. 560(c). Based upon this and because [Appellant] was on notice as to what he was defending because the words of the statute were spelled out in count 1 of the criminal information, this court allowed the amendment.
>
> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice. [Pa.R.Crim.P.] 564. . . . As such, this Court allowed the [amendment].

Trial Ct. Op. at 2-3 (some citations omitted and some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court in granting the Commonwealth's motion to amend the information. *See Small*, 741 A.2d at 681; *see also Belknap*, 105 A.3d at 10. As the trial court explained, the information alleged that Appellant "did knowingly or intentionally impede the breathing or circulation of the blood of another person by applying pressure to the throat or neck." *See* Criminal Information, 12/16/21, at 1. The information cited 18 Pa.C.S. § 2718(a)(2)(i)

for this offense. **_See id._** However, as the trial court correctly observed, this subsection does not exist. **_See_** Trial Ct. Op. at 2-3; **_see also_** 18 Pa.C.S. § 2718. Although the Commonwealth amended the citation for the strangulation charge from Section 2718(a)(2)(i) to Section 2718(a)(1), that did not change the factual scenario underlying the charges or add any facts that were unknown to Appellant. **_See_** 18 Pa.C.S. § 2718(a). For these reasons, we conclude that Appellant did not suffer prejudice as a result of the amendment. **_See Mentzer_**, 18 A.3d at 1203; **_Sinclair_**, 897 A.2d at 1223. Therefore, Appellant is not entitled to relief on this claim.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/16/2024