J-S33001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL GREGO | : | |
| | : | |
| Appellant | : | No. 1297 EDA 2025 |

Appeal from the Order Entered April 25, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000322-2007

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                          **FILED DECEMBER 23, 2025**

Michael Grego appeals *pro se* from the order that denied as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant is serving a judgment of sentence of 135 to 288 months of incarceration for convictions of various offenses related to his sexual abuse of three prepubescent children.  His judgment of sentence became final on April 16, 2011, after it was affirmed by this Court and he did not seek review by our Supreme Court.  ***See Commonwealth v. Grego***, 26 A.3d 1196 (Pa.Super. 2011) (unpublished memorandum).

His first three PCRA petitions garnered no relief.  ***See Commonwealth v. Grego***, 63 A.3d 818 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 69 A.3d 600 (Pa. 2013); ***Commonwealth v. Grego***, 2019 WL 546956

(Pa.Super. 2019) (unreported judgment order), *appeal denied*, 218 A.3d 403 (Pa. 2019); ***Commonwealth v. Grego*** ("***Grego IV***"), 285 A.3d 948, 2022 WL 4392689 (Pa.Super. 2022) (non-precedential decision), *appeal denied*, 300 A.3d 1010 (Pa. 2023).

Pertinent to the matter *sub judice*, the PCRA court denied Appellant's third PCRA petition by order dated December 10, 2021, concluding that it was not timely filed and did not attempt to invoke a timeliness exception. ***See*** Order, 12/13/21, at ¶¶ 2-4. Appellant did not file a notice of appeal from that order until January 14, 2022. In considering whether we had jurisdiction over the appeal, this Court opined as follows:

> "In a criminal case, the date of entry of an order that triggers the appeal period is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa.Super. 2000).
>
> We begin by noting there is some ambiguity in the record as to what date the order was actually mailed to [Appellant]. The clerk entered the order on the docket on Friday, December 10, 2021, and indicated it was served on [Appellant] via certified first class mail on the same date. However, the attached certified mail return receipt indicates the order was placed in the mail on Monday, December 13, 2021. For his part, [Appellant] avers he did not receive the order until February 1, 2022.
>
> As noted previously, the appeal period begins on the date the clerk of courts furnished a copy of the order to [Appellant]. Given the ambiguity in the record, we give [Appellant] the benefit of the doubt and construe the appeal period to begin on December 13, 2021. Accordingly, [Appellant] had until January 12, 2022[,] to file his notice of appeal. A review of the record reveals [Appellant]'s notice of appeal was not docketed until January 21, 2022.

Nevertheless, pursuant to the prisoner mailbox rule, a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing.

Here, [Appellant] included, in the certified record, the envelope used to send the notice of appeal to the Office of the Clerk at the Monroe County Courthouse that is postmarked on January 19, 2022. Further, [Appellant] dated the *pro se* notice of appeal on January 14, 2022. As neither of these dates [is] within the [thirty]-day appeal period, we conclude [Appellant] has not provided sufficient proof that he filed a timely notice of appeal under the prisoner mailbox rule.

Further, [Appellant] has not established, on this record, that a breakdown in court operations occurred which prevented him from timely filing his notice of appeal. [He] has asserted that he did not receive notice of the order until February 1, 2022. However, [his] assertion is contrary to his own actions. [Appellant]'s notice of appeal was dated January 14, 2022, approximately two weeks before [he] claims he first received the order.

[Appellant]'s assertion that he did not receive notice of the order until February is belied by the record. Therefore, his appeal is untimely and we quash it.

*Grego IV*, 2022 WL 4392689, at *2 (cleaned up).

Appellant filed an application for *en banc* reargument supplying evidence that the prison mail room rejected correspondence from the Monroe County Court of Common Pleas on December 15, 2021, next receiving and accepting pieces of mail therefrom in February 2022, in corroboration of his timeline. This Court denied the application.

After our Supreme Court denied his petition seeking review of this Court's ruling on June 28, 2023, Appellant undertook what he aptly describes

- 3 -

as "a letter writing campaign" seeking "information that does not appear in the docket as a matter of course" that was relevant to the timeliness of his prior appeal. Among these letters was one to the Monroe County Clerk of Courts dated July 23, 2023, which more than a year after this Court quashed his appeal, that included the following:

> There is something extremely troubling that I have to caution you about. It's been a while and I should have written this letter sooner since this problem is constantly on my mind and I can't get it out of my head.
>
> I filed a PCRA back on September 16, 2021. I went through the entire process, obviously to no avail. To make a long story short, on December 10, 2021[,] Judge Worthington, as per her usual, denied my PCRA. The problem I have is that the Judge's ORDER was sent out and received at my prison on December 15, 2021[,] but was rejected because it didn't have a control number on the envelope. Now, one of your staff (re-sent) the court order with the postage stamp January 31, 2022, which wasn't in my hands until February 2, 2022. My curiosity peaked [*sic*], so I requested a copy of my docket from your office, and to my surprise there was (no) entry of the rejected letter. With this in mind, I then requested from the prison's mail room supervisor, a copy of all the legal mail I received in the month of December 2021. On an ACA report from the prison mail room, was a rejection of a letter dated December 15, 2021[,] that was sent from your office. This proof of the rejection information from the mail room was obtained after [Judge] Worthington argued to the Superior Court that my notice of appeal dated January 14, 2022, was untimely because, according to the law I only had 30 days from the December 10, 2021 order to file my notice of appeal with the Superior Court which didn't happen thanks to a member of your staff.

Letter, 7/23/23, at 1.

Over a year later, Appellant filed the PCRA petition at issue in this appeal by delivering it for mailing on October 23, 2024. Therein, Appellant detailed

his efforts to create a record to support his claim that the untimeliness of the appeal was a result of a breakdown in court operations that satisfied the governmental interference exception to the PCRA's one-year time bar. *See* PCRA Petition, 10/23/24, at ¶¶ 14-26. Substantively, he requested that his right to appeal the denial of his third petition be reinstated *nunc pro tunc*.

Before the PCRA court acted upon Appellant's petition, he filed a notice of appeal indicating that his petition had been denied by operation of law. The court then filed an order pursuant to both Pa.R.A.P. 1925(a) and Pa.R.Crim.P. 907, indicating that the appeal was premature because the petition had yet to be denied,[1] and opining as follows regarding the timeliness of the petition:

> In this case, [Appellant] seeks to invoke the interference by government officials exception on the basis that our clerk of courts did not timely or properly serve him with a copy of our order denying his third PCRA motion and did not correctly note service and returned mail on the docket. However, it is clear from the record, including the fourth PCRA petition itself, that [Appellant] did not assert his claim within one year of the date he became aware, or with the exercise of reasonable diligence should have become aware, of the events that he now claims constituted interference. In this regard, the motion was filed more than three years after [Appellant] claims to have been notified that we denied his third PCRA motion (even though he filed an appeal [twelve] days before purportedly being notified), almost two and one-half years after the Superior Court quashed his appeal, and more than [sixteen] months after the Supreme Court denied his petition for allowance of appeal. Thus, [Appellant]'s attempt to invoke the exception was untimely and the fourth PCRA Petition is time-barred.

_____

[1] This Court quashed the premature appeal on May 5, 2025.

Order, 3/24/25, at 7 (unnecessary capitalization omitted). Appellant filed a response reiterating his efforts to create a record and requesting an evidentiary hearing "to address the ambiguity of missing information in the record relating to the timeliness of this petition[.]" Objections to Rule 907 Notice, 4/7/25, at 7. Unpersuaded, on April 25, 2025, the PCRA court dismissed the petition for the reasons set forth in the Rule 907 notice.

This timely appeal followed. Both Appellant and the PCRA court complied with their respective Rule 1925 obligations. Appellant presents the following questions for our consideration:

> Question #1 - Whether governmental interference predicated on a breakdown in the processes of the PCRA court caused Appellant's notice of appeal [for his third PCRA petition] to be untimely, and, if so, whether the PCRA court's decision to dismiss Appellant's fourth PCRA seeking *nunc pro tunc* reinstatement of his right to appeal the dismissal of his third PCRA petition without a hearing violates the laws and constitution of Pennsylvania, and the laws and constitution of the United States?
>
> Question # 2 - Whether Appellant may raise claims predicated on first PCRA counsel's ineffectiveness for the first time on appeal pursuant to **Commonwealth v. Bradley**, 261 a.3d 381 (Pa. 2021)?

Appellant's brief at 3 (cleaned up).

The following legal principles guide our review. This Court will "review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred

- 6 -

and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled "that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." ***Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa.Super. 2022). Any PCRA petition must be filed within one year of the date that the underlying judgment of sentence became final unless the petitioner pleads and offers to prove one of the following enumerated timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant first invokes the governmental interference exception, contending that the failure of the clerk of courts to include on the docket or in the certified record indications that the prison rejected the initial service of

the order denying his third PCRA petition prevented him from establishing the timeliness of his appeal in *Grego IV*. He maintains that "[b]ecause the clerk concealed these missing facts from disclosure in the certified record, the Appellant cannot be incriminated for failing to discover it sooner." Appellant's brief at 12.

As noted above, the PCRA court determined that this exception was not satisfied because he did not meet § 9545(b)(2)'s requirement that the claim be raised within one year of the date on which it could have been presented. *See* Order, 3/24/25, at 7. We discern no error of law or abuse of discretion in the court's ruling.

As detailed in the above recitation of the case history, in July 2023 Appellant possessed information that the initial dismissal order for his third petition had been rejected by the prison for lack of a control number, that the order was re-sent at the end of January 2022 and received by the prison in early February. *See* Letter, 7/23/23, at 1. Moreover, he acknowledged that he belatedly began his investigation into the matter over a year after this Court quashed his appeal. *Id*. ("It's been a while and I should have written this letter sooner since this problem is constantly on my mind and I can't get it out of my head."). Accordingly, the PCRA court did not err in holding that the record belied his contention that the fourth petition, filed in October 2024, was filed in accordance with § 9545(b)(2).

Appellant's second asserted basis for jurisdiction is our Supreme Court's decision in **Bradley**. In that case, the Court provided a procedure for petitioners to vindicate their rule-based right to the effective assistance of PCRA counsel by allowing the petitioner to challenge counsel's stewardship at the first opportunity during the pendency of that petition. Critically, our High Court has remained adamant that **Bradley** did not establish a new timeliness exception providing jurisdiction for a subsequent PCRA petition. **See**, **e.g.**, **Commonwealth v. Laird**, 331 A.3d 579, 598 (Pa. 2025) ("**Bradley** did not create an exception to the PCRA's time-bar, and we expressly decline to create one today."). Hence, **Bradley** cannot be utilized to establish jurisdiction for Appellant's attacks upon prior PCRA counsel's performance.

In sum, we conclude that the PCRA court's determination that Appellant's fourth PCRA petition was untimely and satisfied no timeliness exception is supported by the record and free from legal error. Therefore, we have no cause to disturb it.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025